IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THE CONTINENTAL INSURANCE COMPANY,

    Plaintiff,                                        05cv1142

v.                                             **ELECTRONICALLY FILED**

INDUSTRY TERMINAL & SALVAGE COMPANY,

    Defendant.

## MEMORANDUM ORDER

This is a declaratory judgment action. Plaintiff, The Continental Insurance Company, (Continental) seeks a declaration that it had no coverage under a policy of insurance related to the M/V Ranger, a towboat owned by Industry Terminal & Salvage Company (ITS). In its complaint, Continental alleges that this case is within this Court's admiralty jurisdiction, under 33 U.S.C. § 1331(1) and Fed. R. Civ. P. 9(h). Defendant, ITS, filed its answer, affirmative defenses, and a counterclaim alleging the state law claims of breach of contract and statutory bad faith. Consistent therewith, ITS filed a request for jury demand. Pending before this Court is plaintiff's motion to strike defendant's jury demand, and to trifurcate the trial. After careful consideration, this Court will deny plaintiff's motion to strike the jury demand, and will deny plaintiff's motion to trifurcate the trial.

Ordinarily, the normal procedure in a case where an insurer has denied insurance coverage would be for the insured to file a breach of contract action, and thus, the insured would be the plaintiff in the action. In this case, the reverse has occurred. Nonetheless, this Court will take this opportunity to realign the parties and their respective claims in the interests of fairness and comprehensibility.

In support of its argument that this Court should strike defendant's jury demand on its counterclaim, Continental argues that its Rule 9(h)[1] election compels such a result.

The United States Supreme Court has stated that while the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment, nor any statute of Congress or Rule of Civil Procedure forbids a jury trial in a maritime case. *Fitzgerald v. United States Lines Company*, 374 U.S. 16, 20 (1963). In *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959), the Supreme Court held that a right to a jury trial should not be lost through a prior determination of equitable claims. In this case, Continental asks this Court to do exactly that and uses its Rule 9(h) election as a justification for this request.

Although there is no controlling case law directly on point in this circuit, this Court finds the analysis set forth in *Wilmington Trust v. U.S. District Ct.,* 934 F.2d 1026 (9th Cir. 1991) to be compelling. In *Wilmington Trust*, a case with facts which are analogous to the present situation, plaintiff brought an action to foreclose on a ship mortgage and made a Rule 9(h) election, to which a holder of a second preferred mortgage answered, filed counterclaims, and demanded a jury trial. In that case, the United States Court of Appeals for the Ninth Circuit reversed the district court's order striking the counterclaimant's jury trial demand and explained that a Rule

---

[1]Rule 9(h) states:
>A pleading or count setting forth a claim for relief within the admiralty or maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purpoese whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. A case that includes an admiralty or maritime claim within this subdivision is an admiralty case within 28 U.S.C. § 1292(a)(3).

9(h) election does no more than inform the court of a claimant's election to proceed in admiralty. *Id.* at 1031. Further, citing *Beacon Theatres*, the Court in *Wilmington Trust* reiterated that the Seventh Amendment overcomes another party's preference for a bench trial when those interests conflict.[2]

While Continental claims that ITS's demand for a jury trial should be nullified because it filed its declaratory judgment action and included a Fed. R. Civ. P. 9(h) election and cites *Windsor Mount Joy Mutual Insurance Co. v. Johnson*, 264 F. Supp. 2d 158 (D.N.J. 2003) in support of its position, this Court does not find that analysis to be compelling.[3]

If this Court were to strike ITS's jury demand based upon the fact that Continental was the "first to file" under this factual scenario, the Court would essentially be encouraging parties to engage in an inauspicious race to the courthouse. This Court will not sanction this action, and therefore, plaintiff's motion to strike defendant's jury demand will be denied.

Because the real matter in controversy is whether plaintiff breached its contract when it failed to pay defendant's claims, this Court in the exercise of its discretion will first submit defendant's breach of contract action to the jury with special interrogatories on the issues of

---

[2] Although not in the context of a maritime action, the United States Court of Appeals for the Third Circuit has cited and followed *Beacon Theatres* and has reversed the district court in cases where counterclaimants/defendants were denied a jury trial. *See Eldredge v. Gourley*, 505 F.2d 769, 769 (3d Cir. 1974)(stating that when a defendant in an equitable proceeding has made a counterclaim raising factual issues, the resolution of which would determine plaintiff's prayer for equitable relief, defendant's demand for a jury trial was improperly denied). *See also, Amoco Oil Company v. Torcomian*, 722 F.2d 1099 (3d Cir. 1983)(judgment vacated against a lessee of a service station because it had been denied a jury trial).

[3] Further, this Court does not find the decision of Judge Standish of this Court in *In Re Complaint of J.A.R. Barge Lines, L.P.*, 307 F.Supp. 2d 668 (W.D. Pa. 2004) to be applicable because that case, unlike the present situation, involved a Limitation of Liability action.

liability and damages. Should the jury find that plaintiff breached the contract by denying coverage, the Court will utilize the same jury in a separate determination on defendant's claim of statutory bad faith, pursuant to Fed. R. Civ. P. 42(b). After the breach of contract and bad faith determinations, the Court will consider the jury's answers to the special interrogatories on the breach of contract action, pursuant to Fed. R. Civ. P. 39(c), in the declaratory judgment determination. Accordingly, this Court will deny plaintiff's motion to strike the jury demand and will deny plaintiff's motion to trifurcate the trial (doc. no. 15).

SO ORDERED this 17th day of October, 2005.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record as listed below

Ericson P. Kimbel, Esquire
Blumling & Gusky
1200 Koppers Building
Pittsburgh, PA 15219

Frederick B. Goldsmith, Esquire
Blumling & Gusky, LLP
436 Seventh Avenue
1200 Koppers Building
Pittsburgh, PA 15219

Louis B. Loughren, Esquire
Loughren, Loughren and Loughren, P.C.
3204 Grant Building.
Pittsburgh, PA 15219