IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THE CONTINENTAL INSURANCE COMPANY,

    Plaintiff,                                        05cv1142
v.                                                      **ELECTRONICALLY FILED**

INDUSTRY TERMINAL & SALVAGE COMPANY,

    Defendant.

Order of Court

It is this Court's practice to frequently monitor the status of all pending cases. Consistent therewith, this Court noted that pursuant to a written motion in the above case, the parties had agreed to mediate this dispute (see doc. no. 22 - dated October 28, 2005 - scheduling mediation for on or before November 4, 2005). (A well-respected mediator and non-lawyer had been selected by the parties, not the Court. Until this matter, the mediator was not known to the Court. The mediator is the former President of the Society of Maritime Arbitrators.) Despite the efforts of the mediator, said mediation was not successful. After reviewing the docket, the Court asked his law clerk to contact the mediator to determine whether the mediator believed a second mediation effort might be helpful. After the law clerk conferred with the mediator in this regard, the law clerk advised the Court that a second mediation before the mediator might be fruitful, and therefore, the Court instructed the law clerk to contact the mediator to undertake an effort in that regard. The mediator then contacted the parties to see if they would agree to a second mediation. However, that process failed because the parties were unable to agree on a cost sharing arrangement for any further fees of the mediator. The mediator later even agreed to perform the second mediation without charge, but still no agreement was reached by the parties. The Court therefore ORDERS the parties, counsel, and the mediator to cease all efforts in this

regard.  Further, it has come to this Court's attention (through an email which was sent by the mediator to the law clerk with copy to all counsel) that counsel for one of the parties is now attempting to obtain "e-mail" discovery of the mediator regarding his dealings with the law clerk.  The Court ORDERS such conduct to cease.  If any party wishes to pursue this matter further, a formal pleading should be filed, subject to the Federal Rules of Civil Procedure, including Rule 11(a) and (b).

SO ORDERED this 17th day of November, 2005

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: all counsel of record as listed below

Ericson P. Kimbel, Esquire
Blumling & Gusky
1200 Koppers Building
Pittsburgh, PA 15219

Frederick B. Goldsmith, Esquire
Blumling & Gusky, LLP
436 Seventh Avenue
1200 Koppers Building
Pittsburgh, PA 15219

Louis B. Loughren, Esquire
Loughren, Loughren and Loughren, P.C.
3204 Grant Building.
Pittsburgh, PA 15219